The opinion of the court was delivered by
Rogers, J.
Nathaniel Ewing, administrator of John Sims, deceased, obtained an order of the Orphans’ Court of Fayette county, for the sale of the real estate of the intestate, for the payment of debts, and maintenance, and education of minor children. Zadock Springer and John Dawson became the purchasers of No. 7, part of the real estate for three hundred and forty dollars; and the sale by the administrator was confirmed by the court. The property was sold on a credit of nine months, and the terms having expired, and the money unpaid, this suit was brought to recover the purchase money.
The defendants offered in evidence a deed and patent to Christian Weiseman, in order to show a defect of the title; and the evidence being rejected by the court, it is now assigned for error. The property sold was purchased at a commissioners’ sale, and held by a treasurer’s deed, dated 2d of March, 1811. Of the nature of the estate and title, the defendants were fully apprized; for a full description of the property is contained in the petition of the administrator to the Orphans’ Court. The defendants suffered the sale to be confirmed without any objection, and went into possession of the land. It would be inequitable and unjust to permit them now to allege a defect in the title derived from the commissioners, the risks of which they well knew, and which were doubtless duly considered by them in the price bid for the land. The administrator did not, nor was he bound' to warrant the title. Nor was there any concealment on his part, but on the contrary, the notice of the estate was put on the record, and formed part of the muniments of the defendants’ title.
*372 The plaintiffs in error contend, that the court erred in charging the jury that the plaintiff could recover, although the administrator had given no security in the Orphans’ Court.
By the act of the 20th of March, 1808, when the Orphans’ Court of any county may decree a sale of intestate’s real estate, the court are authorized to require and take sufficient security from the administrators, conditioned for the faithful execution of the power committed to them in making such sale, and truly' to account for and pay over the proceeds thereof, in such manner as the court shall legally decree.
The act authorizes the Orphans’ court to require security' from the administrator, a power which the court did not possess before its passage. It is discretionary, and not imperative, and cases may arise, although they are rare, which would justify the court in permitting a sale without exacting any security for the faithful performance of the trust. When security is omitted, the purchaser has no right to complain; his title is not affected, nor is he bound to look to the application of the purchase money. It is a matter between the administrator and the creditors, and legal representatives of the estate, with which he has no concern.
It is also alleged there was error in charging the jury, that the tender of a deed to John Dawson was sufficient.
It is properly admitted, that if Dawson had accepted the deed, Springer would have been bound by it, for the reason, that having embarked in the same bottom, and quaod hoc, in the nature of partners, the act of one, as respects the particular transaction, binds the other. If then the acceptance of one would bind the other, it is difficult to perceive why the tender to one does not produce the same effect. As a payment to, and a release by one of several obligees, binds the whole, it follows that a tender to one is a sufficient tender to all. 2 Sid. 41. Cro. E. 625. This principle does not merely rest upon analogy, but has the benefit of a judicial decision by a court of high authority. The point came before, and was expressly decided in Warder v. Arell, 2 Wash. R. 298, 300. The inconvenience which would result from requiring the tender to be made to all of several purchasers, is a strong reason for concurring in the correctness of the decision.
We have no doubt that the want of an averment in the declaration of a tender of the deed, was cured by verdict. Although not averred, the tender was proved, and I am not disposed to reverse judgments on exceptions merely technical.
Judgment affirmed.